IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OVELL T. BARBER, | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 7:14cv00519 |
| v. | ) |
| | ) |
| CYNTHIA HALL, et al., | )   By:  Michael F. Urbanski |
| | )         United States District Judge |
|     Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Pro se plaintiff Ovell T. Barber brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his rights under the Eighth Amendment. Defendants are Warden of River North Correctional Center ("RNCC") Benjamin Wright, RNCC Corrections Officer Charles Doss, and RNCC medical staff members Eric Potter, M.D., Cynthia Hall, R.N., and Rachel Wells, R.N. Barber was diagnosed with sleep apnea while confined to RNCC, and uses a continuous positive airway pressure ("CPAP") machine while sleeping. Defendants refused to provide a single-occupancy cell to facilitate Barber's use of the CPAP machine, and Barber claims this refusal constitutes deliberate indifference to his medical needs. Defendants moved for summary judgment on the Eighth Amendment claim (ECF Nos. 37, 46, 49), Barber responded (ECF Nos. 42, 53, 54, 55), and also filed two additional motions styled as "motions to compel" (ECF Nos. 57, 58).[1] These motions were construed by the magistrate judge as motions to file supplemental pleadings pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, alleging new retaliation claims against Warden Wright

---

[1] The defendants viewed Barber's "motions to compel" as motions for a preliminary injunction. Wright & Doss Br. in Opp., ECF No. 59, at 2; Potter Br. in Opp., ECF No. 60, at 2. However, the magistrate judge construed Barber's motions as motions to file supplemental pleadings under Rule 15(d) of the Federal Rules of Civil Procedure. See ECF No. 63, at 1. Barber did not object to this construction, and this court agrees that Barber's motions are best viewed as motions to supplement under Rule 15(d).

1

and Officer Doss.  See ECF No. 63, at 1 (citing Franks v. Ross, 313 F.3d 184, 198 n.15 (2002)). Barber claims that Warden Wright and Officer Doss transferred Barber from RNCC to the high-security Red Onion State Prison ("ROSP") as punishment for filing his Eighth Amendment lawsuit. This matter was referred to United States Magistrate Judge Joel C. Hoppe for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

In a report and recommendation issued on June 11, 2015 (ECF No. 63), the magistrate judge recommended that the court grant the defendants' motions for summary judgment as to Barber's Eighth Amendment claims and deny Barber's two "Motions to Compel" as futile. The report gave notice that objections should be filed within fourteen days, and Barber subsequently filed his objections to the report (ECF No. 64) on June 26, 2015.

For the reasons set for below, the court will **ADOPT in part and DENY in part** the report and recommendation (ECF No. 63), **GRANT** the defendants' motions for summary judgment (ECF Nos. 37, 46, 49), and **GRANT** Barber's motions to compel (ECF Nos. 57, 58), which are re-styled as motions to file supplemental pleadings pursuant to Rule 15(d).

**I.**

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1).  The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert denied 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections.  We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report.  Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would

2

> be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple [ ]he seeks." Id. Instead, his re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

3

## II.

In his objections, Barber argues that the magistrate judge ignored evidence that Barber required his own cell, erred in finding that Warden Wright and Officer Doss could rely on the opinions of medical personnel, and improperly analyzed Barber's retaliation claims against Warden Wright and Officer Doss. ECF No. 64, at ¶¶ 1–13. The majority of Barber's objections repeat arguments he raised previously in his response to the defendants' motions for summary judgment. Those objections that reiterate prior arguments are properly construed as general objections to the report and recommendation, and should not warrant de novo review. See Veney, 539 F. Supp. 2d at 844–46. Nevertheless, because Barber is proceeding pro se, the court has conducted a de novo review of those parts of the report to which he objects.

## A.

Barber first objects to the magistrate judge's finding on deliberate indifference. Deliberate indifference claims are two-pronged: plaintiffs must show (1) that they had an objectively "serious" medical condition and (2) that a prison official "subjectively [knew] of and disregard[ed] an excessive risk to inmate health and safety." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (internal citation omitted). To be objectively serious, a medical condition must be "diagnosed by a physician as mandating treatment" or be "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 178 (quoting Iko v. Shree, 535 F.3d 225, 241 (4th Cir. 2008)). To have subjective knowledge, an official must have "actual [ ] knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Id. Mere disagreements between an inmate and his physician over medical care are insufficient. Id.; see also United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

4

In his report and recommendation, the magistrate judge focused on the defendants' subjective knowledge. See ECF No. 63, at 7. He found that Dr. Potter, Nurse Hall, and Nurse Wells knew that Barber needed CPAP therapy for his sleep apnea. Id. However, Dr. Potter believed CPAP therapy was necessary only "during nighttime sleeping" and not during daytime napping. Potter Aff., ECF No. 47-1, at ¶ 25. Nurse Hall and Nurse Wells agreed. Hall Aff., ECF No. 50-1, at ¶ 10; Wells Aff., ECF No. 50-2, at ¶ 10. Since Barber could use his CPAP machine at night in a dual-occupancy cell, Dr. Potter concluded Barber did not qualify for a single-occupancy cell under the VDOC Standard Treatment Guidelines.[2] Potter Aff., ECF No. 47-1, ¶ 25.

Barber argues the magistrate judge ignored evidence that the defendants knew he needed CPAP therapy during the day. ECF No. 64, at ¶¶ 4–7. For example, Barber notes his multiple prison grievances requesting single-cell status. Id. at ¶¶ 4–5. He also claims that Dr. Potter, Nurse Hall, and Nurse Wells knew that Lincare, the supplier of the CPAP machine, recommended use of the CPAP machine "nocturnally and during naps." Id. at ¶¶ 6–7. The report and recommendation shows, however, that the magistrate judge did consider this evidence. See ECF No. 63, at 5 (addressing Lincare's instructions and the medical opinions of Dr. Potter and Nurses Hall and Wells).

Further, the magistrate judge properly focused on the medical staff's ultimate medical diagnosis, not Barber's personal belief that he needed daytime CPAP therapy. As the Fourth Circuit has made clear, Barber must provide evidence of reckless disregard in a physician's diagnosis or evidence a physician failed to provide medical care previously prescribed for the inmate to establish a deliberate indifference claim. See Jackson, 775 F.3d at 178–79 (finding no deliberate indifference even where a physician's treatment decision was "gravely" mistaken). Based on their review of

---

[2] To qualify for a single cell under VDOC guidelines, an inmate must be: (1) less than one year post-transplant; (2) HIV-positive and on dialysis; (3) suffer from a lower-bowel disease "adjudge[d] offensive to others;" or (4) deserving of a special emergency override based on the medical judgment of a physician. VDOC Standard Treatment Guidelines, ECF No. 50-4.

5

Barber's medical condition, Dr. Potter, Nurse Hall, and Nurse Wells did not believe Barber needed CPAP therapy during daytime naps. Barber disagrees with this diagnosis, but offers no evidence to create a genuine factual dispute that the defendants' medical opinion was reckless or erroneous. See id. ("[W]e consistently have found such disagreements [about a physician's diagnosis] fall short of showing deliberate indifference.").

In fact, the undisputed evidence shows that RNCC medical staff provided significant medical treatment for Barber's sleep apnea over a period of several months. The sworn testimony of medical staff and a copy of Barber's medical records show that, beginning on March 12, 2014, Dr. Potter provided Barber a "wedge pillow" to assist with sleeping. Potter Aff., ECF No. 47-1, at ¶ 11; Ex. A, ECF No. 47-2, at 9. He then ordered a sleep study on April 15, 2014 to evaluate Barber's breathing issues, which resulted in a prescription for blood pressure medication and therapy with a CPAP machine. Potter Aff., ECF No. 47-1, at ¶¶ 12, 15–16; Ex. A, ECF No. 47-2, at 10, 24–29. Dr. Potter also provided follow-up treatment for sinus complications from CPAP therapy in May, 2014. Potter Aff., ECF No. 47-1, at ¶¶ 19–22; Ex. A, ECF No. 47-2, at 12. Finally, Dr. Potter granted Barber permanent bottom-bunk status to facilitate his use of the CPAP machine. Potter Aff., ECF No. 47-1, at ¶ 17; Ex. A, ECF No. 47-2, at 10. Such evidence of frequent medical care further supports the magistrate judge's recommendation that summary judgment be granted to defendants on Barber's deliberate indifference claims. Cf. Fisher v. Neale, No. 3:10-CV-486, 2011 WL 887615, at *6 (E.D. Va. Mar. 14, 2011) (granting summary judgment where the "sheer number" of treatments documented on plaintiff's medical record belied deliberate indifference). For these reasons, the magistrate judge correctly concluded that Dr. Potter, Nurse Hall, and Nurse Wells are entitled to judgment as a matter of law.

Likewise, the magistrate judge properly found that Warden Wright and Officer Doss could rely on the medical staff's determination that Barber did not qualify for single-cell status. Jail

6

officials may generally rely on the expertise of medical staff regarding inmate care. See, e.g., Barnes v. Johnson, No. 3:12-CV-00053, 2014 WL 108548, at *6 (W.D. Va. Jan. 10, 2014) (citing Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994)).  Non-medical employees can be liable for deliberate indifference only when they fail to provide prompt care for a serious medical condition, deliberately interfere with treatment by medical staff, or "tacitly authorize or were indifferent" to constitutional violations by prison doctors. See id.; see also Hick v. James, 255 F. App'x 744, 749 (4th Cir. 2007) (holding that prison staff are deliberately indifferent only where they "completely fail[ ] to consider inmate complaints" or "act[ ] intentionally to delay or deny the prisoner access to adequate medical care.")

     Barber argues in his objections that Warden Wright and Officer Doss had the authority to change his housing arrangement without the permission of medical staff.  ECF No. 64, at ¶¶ 9–10.  Even if Warden Wright and Officer Doss had such authority, their refusal to provide a single-occupancy cell does not constitute deliberate indifference to Barber's medical condition.  As the magistrate judge noted, Barber produced no evidence suggesting Warden Wright or Officer Doss deliberately interfered with treatment by medical staff or tacitly authorized constitutional violations by Dr. Potter, Nurse Hall, and Nurse Wells.  Nor did Barber establish a genuine factual dispute that Warden Wright and Officer Doss ignored a serious need for medical care. The undisputed evidence shows that both Warden Wright and Officer Doss assisted Barber in his initial request for medical single-cell status.  Warden Wright facilitated Barber's initial requests to RNCC medical staff for a new housing arrangement.  Compl., ECF No. 1-1, at ¶¶ 8–14, Wright Aff., ECF No. 38-2, at ¶ 7. Officer Doss provided a small table on which Barber could place the CPAP machine in his cell. Compl., ECF No. 1-1, at ¶ 7; Doss Aff., ECF No. 38-1, at ¶ 6.  Once medical staff determined that Barber's sleep apnea and CPAP therapy did not require a single-occupancy cell, Warden Wright and Officer Doss were entitled to rely on that medical judgment.  See Barnes, 2014 WL 108548, at *6

7

(granting summary judgment on deliberate indifference claims because "[s]upervisory prison officials are not charged with ensuring that [prison medical staff] employed proper medical procedures."). The court finds that the magistrate judge was correct to conclude that Warden Wright and Officer Doss are also entitled to judgment as a matter of law.[3]

B.

Barber next objects to the magistrate judge's recommendation to deny Barber's Rule 15(d) motions to bring new retaliation claims against Warden Wright and Officer Doss. Barber initially raised these claims as a "Motion to Compel" (ECF No. 57) and an "Emergency Motion to Compel" (ECF No. 58). The magistrate judge construed them as motions to file supplemental pleadings under Rule 15(d) of the Federal Rules of Civil Procedure. See ECF No. 63, at 10–11. Barber makes no objection to construing these motions as motions to supplement under Rule 15(d). Instead, Barber objects only to the magistrate judge's conclusion that any supplemental pleading would be futile because Barber fails to state a claim for relief. See ECF No. 64, at ¶¶ 1–13. The court finds Barber's objection well-taken, and agrees that Barber's motions to supplement are not futile.

Leave to file supplemental pleadings pursuant to Rule 15(d) is governed by a standard "nearly identical" to the standard governing Rule 15(a) motions to amend. Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Under either rule, leave "should be freely granted." Id. A court may deny leave to supplement or amend where the proposed supplement is "clearly insufficient or

---

[3] Barber raises two additional issues in his objections to the magistrate judge's findings on deliberate indifference. First, Barber notes that he was denied access to VDOC Operating Procedure 425.4 during discovery. See ECF No. 64, at ¶¶ 6, 9. Barber previously filed a motion for discovery (ECF No. 26) and a motion to compel (ECF No. 32), seeking access to a copy of this procedure. Barber believed this information would outline the "three medical criteria [necessary] for single-cell status." Attach. 1, ECF No. 26-1. Both motions were denied by Magistrate Judge Robert Ballou. ECF Nos. 29, 41. Barber does not identify any specific error in the report and recommendation, however, that relates to these prior discovery motions. Further, the court notes that the same medical information Barber sought in his prior motions was provided to him as an attachment to the motion for summary judgment filed by Nurse Hall and Nurse Wells. See VDOC Standard Treatment Guidelines, Ex. B to Mot. in Supp., ECF No. 50-4, at 2 (identifying three medical criteria for single cell assignments).
Second, Barber faults the magistrate judge for failing to refer to his "verified complaint" and related attachments. See ECF No. 64, at ¶¶ 1–2. This argument is unavailing. The report and recommendation makes clear that the magistrate judge did consider Barber's complaint and its various attachments. See ECF No. 63, at 3–5, 9, 10.

frivolous on its face." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 200 (4th Cir. 2014) (internal citation omitted). For example, a supplement is futile where the supplemental pleading could not survive a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995); Miller v. Jack, No. 1:06-CV-64, 2007 WL 1169179, at *1 (N.D.W. Va. Apr. 19, 2007). In addition, some courts deny leave to amend where the amended pleading could not withstand a motion for summary judgment. See McKay Consulting v. Rockingham Mem'l Hosp., No. 5:09-CV-00054, 2010 WL 3200061, at *9 (W.D. Va. Aug. 11, 2010); Smith v. EVB, No. 3:09-CV-554, 2010 WL 1253986, at *2 (E.D. Va. Mar. 23, 2010) (citing Steinburg v. Chesterfield Cnty. Planning Comm'n, 527 F.3d 377, 390–91 (4th Cir. 2008)).

In his report and recommendation, the magistrate judge applied a motion to dismiss standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See ECF No. 63, at 11–1. The court agrees that a Rule 12(b)(6) standard is the most appropriate standard to use in this instance. See, e.g., Perkins, 55 F.3d at 917. Under this standard, a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A court "accept[s] the well-pled allegations of the complaint as true" and "construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

To state a plausible retaliation claim in this case, Barber must allege facts sufficient for the court to draw a reasonable inference that the retaliatory act either (1) violated a constitutional right or (2) was a response to the prisoner's exercise of a constitutional right. Adams v. Rice, 40 F.3d 72, 74–75 (4th Cir. 1994). He must also offer facts to "warrant concern that the alleged retaliation might have a chilling effect on the exercise of [a constitutional right] and show that he suffered more than a de minimis inconvenience." Goodman v. Smith, 58 F. App'x 36, 38 (4th Cir. 2003) (citing Am. Civ. Liberties Union v. Wicomico Cnty., 999 F.2d 780, 785–86, n.6 (4th Cir. 1993)). Since

9

Barber is proceeding pro se, the court is also required to liberally construe any allegation raised in his pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In his motions, Barber claims that Warden Wright and Officer Doss transferred him from RNCC to the maximum-security Red Onion State Prison ("ROSP") in retaliation for the current lawsuit. ECF No. 57, at 2. Barber previously requested a transfer to the Dillwyn Correctional Center ("DCC"), where Barber hoped to receive the single-cell status he was denied at RNCC. Id. He alleges that both Warden Wright and Officer Doss "lied" to him by "acting as if they approved" the transfer to DCC, and instead arranged a transfer to the maximum-security ROSP. Id. To support this claim, Barber attached several documents to his objections to the report and recommendation, which show that Officer Doss recommended that Barber be transferred to DCC in February, 2015.[4] Attach. 4, ECF 64-2, at 1–3. Further, Barber claims that "when [he] was received at ROSP, he was threatened "not to file legal paperwork."[5] ECF No. 58, at ¶ 3. Once at ROSP, Barber alleges he was also denied access to a typewriter, legal copies, and the law library. ECF No. 58, at ¶ 3. He also notes that the electrical outlet in his cell at ROSP often "cuts off," which interferes with his use of a CPAP machine. ECF No. 57, at ¶ 3.

Based on these facts, the magistrate judge concluded that Barber failed to state a plausible claim against Warden Wright and Officer Doss. ECF No. 63, at 13. The court does not agree. Under Adams, Barber must allege that his transfer to ROSP either (1) violated a constitutional right

---

[4] The court can find no record that these attachments were filed with the court prior to the filing of Barber's objections. Nor were they presented to the magistrate judge when he considered Barber's Rule 15(d) motions. However, the court believes it has discretion to take judicial notice of this evidence in conducting a de novo review of the futility of Barber's motions. See Doe v. Chao, 306 F.3d 170, 202 (4th Cir. 2002) ("The question of whether to consider [new evidence presented in objections to a magistrate judge's report and recommendation] rests within the sound discretion of the district court."), aff'd, 540 U.S. 614 (2004); Philips v. Pitt Cnty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted) ("The court may take judicial notice of matters of public record, documents attached to the complaint, and documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

[5] The magistrate judge correctly noted, however, that Barber fails to identify who made this statement or connect this alleged threat with his lawsuit against Wright and Doss. ECF No. 63, at 12. Under a Rule 12(b)(6) standard, however, this court does not find that omission fatal to Barber's retaliation claim.

10

or (2) was a response to his exercise of a constitutional right. 40 F.3d at 74–75. The magistrate judge correctly found that Barber had no constitutional right to be housed in a prison of his choice. Williams v. Bass, No. 7:07-CV-319, 2007 WL 2048667, at *1 (W.D. Va. July 11, 2007) (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)). However, the magistrate judge also concluded that Barber failed to allege sufficient facts to create a reasonable inference that the transfer was in retaliation for the Eighth Amendment lawsuit. To reach this conclusion, the magistrate judge relied first on Hoye v. Clarke, No. 7:14-CV-124, 2015 WL 3407609 (W.D. Va. May 27, 2014), to find that Barber's retaliation claim relied primarily on the "temporal proximity" of the transfer and Barber's lawsuit. See ECF No. 63, at 11. In Hoye, this court held that a retaliation claim could not survive summary judgment where the plaintiff proved only a "mere temporal proximity between the exercise of a plaintiff's right and the alleged retaliatory action." Id. at *11 (citing Wagner v. Wheeler, 13 F.3d 86, 90–91 (4th Cir. 1993)). Hoye, however, was decided under a summary judgment standard, not a Rule 12(b)(6) standard. Id. At this stage in the current case, this court is governed only by the Rule 12(b)(6) standard and must accept Barber's "well-pled allegations . . . as true" and construe all "reasonable inferences . . . in the light most favorable to [Barber]." Ibarra, 120 F.3d at 474.

The magistrate judge also cited Goodman v. Smith, 58 F. App'x 36 (4th Cir. 2003), a per curiam opinion addressing inmate retaliation claims. ECF No. 63, at 11. In Goodman, the court affirmed a district court's grant of summary judgment for defendants, holding that the plaintiff failed to show that the alleged retaliatory act had an "adverse impact" on the plaintiff's "right to access the court." 58 F. App'x at 38. As with Hoye, however, this holding was decided under a summary judgment standard, not a Rule 12(b)(6) standard. See id. at 37–38. Further, the Goodman court reversed and remanded the district court's dismissal of a second retaliation claim, which had been dismissed pursuant to a motion to dismiss. Id. at 39. In this second retaliation claim, the plaintiff alleged that prison officials "transferred him" and limited his access to the law library. Id. The

11

Goodman court distinguished the different procedural posture of this second claim, holding that the plaintiff's "undisputed allegations—if believed" stated sufficient facts to show the "chilling effect" and "actual injury" needed to survive a motion to dismiss. Id. at 38–39.

In this case, the court is limited to an analysis under the Rule 12(b)(6) standard, and finds Barber has alleged sufficient facts to state a plausible claim for relief. His allegations, if accepted as true, provide a reasonable inference that he was transferred to ROSP in retaliation for his prior lawsuit. Further, the transfer and its alleged burdens—including the claimed impact on Barber's access to the law library and other legal copies—are sufficient to "warrant concern" that the transfer could have a "chilling effect" on Barber's ability to exercise his right to access the courts. See Goodman, 58 F. App'x at 38. In so holding, the court acknowledges its duty to treat inmate retaliation claims "with skepticism," Adams, 40 F.3d at 75, and makes no judgment on whether Barber's supplemental retaliation claims can survive a motion for summary judgment or other subsequent proceeding. Instead, it holds only that "it does not appear beyond doubt" that Barber can prove facts sufficient to state a plausible retaliation claim against Warden Wright and Officer Doss. See De'Lonta v. Angelone, 330 F.3d 630, 635–36 (4th Cir. 2003). Thus, Barber's motions to file a supplemental pleading are not futile, and Barber has leave to file a supplemental pleading alleging new claims of retaliation against Warden Wright and Officer Doss.

## III.

For the reasons stated above, the court will **ADOPT in part** and **DENY in part** the report and recommendation (ECF No. 63), **GRANT** defendants' motions for summary judgment (ECF Nos. 37, 46, 49), and **GRANT** Barber's motions to compel (ECF Nos. 57, 58), which are re-styled as motions to file supplemental pleadings pursuant to Rule 15(d). Barber has thirty (30) days to file a supplemental pleading setting forth the basis for his retaliation claim.

An appropriate Order will be entered to that effect.

Entered: September 11, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge